**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

The State, Respondent,

v.

Ricky Dale Pace, Appellant.

Appellate Case No. 2014-001106

Appeal From Laurens County
Eugene C. Griffith, Jr., Circuit Court Judge

Memorandum Opinion No. 2016-MO-010
Heard March 23, 2016 – Filed April 13, 2016

**AFFIRMED**

Chief Appellate Defender Robert Michael Dudek and Appellate Defender Lara Mary Caudy, both of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Senior Assistant Deputy Attorney General Deborah R.J. Shupe, both of Columbia; and Solicitor David Matthew Stumbo, of Greenwood, for Respondent.

**PER CURIAM:** Ricky Dale Pace appeals his convictions for two counts of committing a lewd act upon a child.[1]  Pace makes three arguments that the trial court's admission of a videotape of the victim's forensic interview pursuant to section 17-23-175 of the South Carolina Code (2015) violated his rights under the Confrontation Clause of the Sixth Amendment.[2]  Pace also argues this Court should hold a trial court must make a specific finding of necessity before admitting a forensic interview videotape into evidence.

We find the trial court's admission of the videotape did not violate Pace's rights under the Confrontation Clause and the trial court did not need to make a specific finding of necessity before admitting the videotape into evidence.  *See* S.C. Code Ann. § 17-23-175 (2015) ("(A) In a general sessions court proceeding . . . , an out-of-court statement of a child is admissible if: (1) the statement was given in response to questioning conducted during an investigative interview of the child; (2) an audio and visual recording of the statement is preserved on film, videotape, or other electronic means . . . ; (3) the child testifies at the proceeding and is subject to cross-examination on the elements of the offense and the making of the out-of-court statement; and (4) the court finds, in a hearing conducted outside the presence of the jury, that the totality of the circumstances surrounding the making of the statement provides particularized guarantees of trustworthiness."); *State v. Anderson*, 413 S.C. 212, 217-18, 776 S.E.2d 76, 79 (2015) (holding when a

---

[1] Pace committed these crimes in January and February 2011.  At that time, the crime of lewd act upon a child was codified at section 16-15-140 of the South Carolina Code (2003) (repealed 2012).  The same conduct is now classified as criminal sexual conduct with a minor in the third degree.  S.C. Code Ann. § 16-3-655(C) (2015).

[2] Specifically, Pace argues (1) section 17-23-175 is inconsistent with the Confrontation Clause under *Crawford v. Washington*, 541 U.S. 36 (2004), because it allows the admission of an out-of-court statement even though the witness is available at trial and the defendant did not have a prior opportunity to cross-examine the witness; (2) the particularized guarantees of trustworthiness required by South Carolina Code subsection 17-23-175(A)(4) (2015) are not adequate to protect the defendant's right of confrontation because the reliability of the victim's statement must be determined by contemporaneous cross-examination; and (3) section 17-23-175 is inconsistent with the Confrontation Clause under *Maryland v. Craig*, 497 U.S. 836 (1990), because it does not require the victim to be under oath and subject to contemporaneous cross-examination during the forensic interview.

videotaped forensic interview is admitted into evidence pursuant to section 17-23-175, a defendant's "right to the opportunity for effective cross-examination" of the child is satisfied during the child's "actual trial testimony"); 413 S.C. at 217-18, 776 S.E.2d at 78-79 (stating the child's testimony "under oath in open court" and the defendant's cross-examination of the child "is all the Confrontation Clause requires").

**AFFIRMED.**

**PLEICONES, C.J., BEATTY, KITTREDGE, HEARN and FEW, JJ., concur.**